UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY CHARISSE GREEN,

    Plaintiff,

v.                                                  Case No. 8:20-cv-796-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 199-205, 206-11). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 56-67, 68-79, 82-95, 96-109). Plaintiff

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

then requested an administrative hearing (Tr. 152-53). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 34-55). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-27). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1984, claimed disability beginning April 9, 2018 (Tr. 12, 56). Plaintiff obtained a college education, specifically an associate degree (Tr. 39). Plaintiff's past relevant work experience included work as a teacher's aide II (substitute teacher), general clerk/secretary, and records clerk (Tr. 52). Plaintiff alleged disability due to myalgia, cramp and spasm, bilateral prim osteoarthritis knees, hypertension, stretching of muscle or tendon, depression/anxiety, Attention Deficit Disorder (ADD), furuncle of right axilla, and morbidly obese (Tr. 57, 72, 83, 97).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022 and had not engaged in substantial gainful activity since April 9, 2018, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia; osteoarthritis; morbid obesity; and lumbago with sciatica (Tr. 13). The ALJ also

determined Plaintiff's medically determinable impairment of depressive disorder was non-severe (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following specific limitations: lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; can never climb ladders, ropes, and scaffolds; and can occasionally kneel, crouch, and crawl but may frequently climb stairs, ramps, and stoops (Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16-19).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a teacher's aide II (substitute teacher), general clerk/secretary, and records clerk (Tr. 20-21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

Case 8:20-cv-00796-AEP   Document 25   Filed 09/27/21   Page 4 of 13 PageID 880

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of

4

his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more

than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by (1) failing to properly evaluate Plaintiff's subjective complaints on how Plaintiff's fibromyalgia caused her limitations, and (2) failing to find Plaintiff's mental impairments caused more than minimal limitations in her ability to perform basic mental work activity. For the

following reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

### A. Subjective Complaints Regarding Fibromyalgia

Plaintiff contends the ALJ did not properly evaluate Plaintiff's subjective complaints on how Plaintiff's fibromyalgia caused her limitations. Plaintiff also argues the ALJ failed to comply with Social Security Ruling 12-2p.

Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012); *see also Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987-88 (11th Cir. 2015). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). "An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision." *Dulude v. Comm'r of Soc. Sec.*, No. 6:20-cv-890-DNF, 2021 WL 4026268, at *5 (M.D. Fla. Sept. 3, 2021) (citing *Horowitz*, 688 F. App'x at 863).

The SSA promulgated SSR 12-2p to provide guidance on how the SSA develops evidence to establish that a person has a medically determinable impairment of fibromyalgia and how the SSA will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869, at *1. SSR 12-2p requires an ALJ to consider fibromyalgia in the five-step sequential evaluation process and instructs the ALJ on how to develop evidence and assess the impairment in determining whether it is disabling. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. The ruling advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the SSA will consider all of the record evidence, including the claimant's "daily activities; medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the claimant's symptoms." *Id.* at *5.

With fibromyalgia, the inquiry requires a more nuanced approach as the nature of fibromyalgia itself renders over-emphasis upon objective findings inappropriate, especially given that a lack of objective evidence is the condition's hallmark. *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63-64 (11th Cir. 2010) (citations and quotations omitted); *see also* SSR 12-2p, 2012 WL 3104869. Indeed,

no objective or laboratory tests can conclusively confirm the presence or severity of fibromyalgia.  *Somogy*, 366 F. App'x at 63-64 (citations omitted).

The ALJ did not dispute Plaintiff's fibromyalgia diagnosis and concluded it was a severe impairment (Tr. 15).  However, the ALJ found that, while Plaintiff's medically determinable impairments, including fibromyalgia, could reasonably be expected to produce the alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 17).  Instead of then, as set forth in SSR 12-2p, sufficiently considering or discussing Plaintiff's symptoms in the context of her daily activities, medications or other treatments, the nature and frequency of medical treatment, and statements by third parties, the ALJ focused on Plaintiff's symptoms not being substantiated by the objective evidence.

The objective evidence that the ALJ relied on in discounting Plaintiff's fibromyalgia-related symptoms included, but was not limited to, a June 2018 CT scan of Plaintiff's thoracic spine that was limited because of Plaintiff's weight but did not show "definite canal stenosis or high-grade foraminal narrowing" (Tr. 634-35); x-rays of the cervical spine from March 2018 that showed no abnormalities (Tr. 539); x-rays of lumber spine from March 2018 that showed no acute fracture or spondylolisthesis (Tr. 537-38); x-rays of Plaintiff's hands and feet from August 2018, which demonstrated no abnormalities (Tr. 704-08) (*See* Tr. 19).[2]  Even though the

---

[2] The ALJ also noted Plaintiff's x-rays of her knees from October 2016, before the alleged onset date, that showed loss of joint space and osteoarthritic changes (Tr. 19 (citing Tr. 347)).

9

ALJ cited abnormal objective findings and tender points (Tr. 18 (citing Tr. 689-691, 720-24), the ALJ more often used medical evidence that showed Plaintiff had full range of motion, normal movements and muscle strength, and normal gait to discount Plaintiff's subjective complaints about her fibromyalgia (*See* Tr. 17-19 (citing Tr. 469-72, 592-96, 627-30, 689-691, 694-96, 710-13)). "The ALJ's considerations of the objective evidence, however, do not comport with the fact that physical examinations for [people] with fibromyalgia will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Francis v. Saul*, No. 8:18-cv-2492-T-SPF, 2020 WL 1227589, at *3 (M.D. Fla. Mar. 13, 2020); *see also Johnson v. Colvin*, No. 1:14cv149-WS, 2015 WL 1931218, at *9 (N.D. Fla. Apr. 27, 2015) (citations omitted). "Therefore, it is common in cases involving [fibromyalgia] to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs." SSR 12-2p, 2012 WL 3104869, at *3.

"The ALJ's undue emphasis on the lack of objective findings in evaluating the [claimant's] fibromyalgia-related reports conflicts with well-established case law of this Circuit." *Witherell v. Berryhill*, No. 8:17-cv-2806-T-CPT, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019). Here, the ALJ's conclusory reasoning and repeated reference to objective medical evidence demonstrates that he relied mostly on the objective medical evidence. Although the ALJ noted Plaintiff had a high level of activity with being "able to drive, shop, cook, clean, eat at restaurants, and

act as primary caregiver to a young child" (Tr. 19), the ALJ did not address how limited Plaintiff is in these activities, which she testified to, because of her pain, including only driving for daycare services, getting help with childcare often (sometimes going to her mom's house for almost a week's time), decreasing the amount of cooking and increasing the amount of take-out meals, and needing assistance for shopping (Tr. 45-51).  Moreover, the ALJ did not adequately consider (or even refer to) SSR 12-2p's framework for evaluating fibromyalgia when discounting Plaintiff's statements regarding intensity, persistence, and limiting effects of her symptoms.  *See Francis*, 2020 WL 1227589, at *3-4 (remanding to agency where ALJ failed to consider SSR 12-2p's framework about the claimant's fibromyalgia); *Catalan v. Berryhill*, No. 8:17-cv-1425-T-30MAP, 2018 WL 4055340 (M.D. Fla. Aug. 9, 2018) (same), *report and recommendation adopted*, 2018 WL 4052276 (M.D. Fla. Aug. 24, 2018); *Janeda v. Comm'r of Soc. Sec.*, No. 2:16-cv-803-FtM-MRM, 2018 WL 1282313 (M.D. Fla. Mar. 13, 2018) (same).

Therefore, the ALJ's analysis on Plaintiff's fibromyalgia-related symptoms is inadequate, and this Court is unable to determine whether the ALJ's ultimate disability determination is supported by substantial evidence.  *See Atkins v. Comm'r of Soc. Sec.*, No. 3:19-CV-142-J-MAP, 2019 WL 6838512, at *3-5 (M.D. Fla. Dec. 16, 2019) (finding that, because the ALJ failed to consider claimant's fibromyalgia with SSR 12-2p framework, the court was unable to determine whether the ALJ's ultimate disability determination was supported by substantial evidence); *Cline v. Comm'r of Soc. Sec.*, No. 6:17-cv-1373-Orl-22-DCI, 2018 WL 1800861, at *4 (M.D.

Fla. Mar. 29, 2018) (finding that the ALJ's conclusory reasoning demonstrated that he relied mostly on the objective medical evidence, instead of the entire record, in evaluating the testimony of the claimant, and the ALJ's credibility determination did not comply with the requirements of SSR 12-2p), *report and recommendation adopted*, 2018 WL 1791533 (M.D. Fla. Apr. 16, 2018).  Thus, remand is appropriate so the ALJ can properly address how Plaintiff's fibromyalgia and subjective complaints about its impact her ability to work, using SSR 12-2p framework.

### B.     Mental Impairments

Plaintiff contends the ALJ incorrectly found that Plaintiff's mental impairment of depressive disorder was non-severe and did not cause more than minimal limitations on Plaintiff's work abilities.

Because remand is required on Plaintiff's first claim of error, this Court makes no determination about whether the ALJ properly determined Plaintiff's mental impairment of depressive disorder was non-severe.  *See Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).  Given the remand to the SSA, the ALJ should re-assess the entire record, including Plaintiff's mental health findings, to determine whether Plaintiff has any severe mental impairments and if additional RFC limitations are necessary.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of September 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record