UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY GREEN,

      Plaintiff,

v.                                                                          Case No. 8:20-cv-796-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

                                     /

### ORDER

      This cause comes before the Court upon Plaintiff's Unopposed Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc. 31). On August 27, 2021, this Court entered an Order reversing and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) (Doc. 25). Upon remand, the Commissioner issued a favorable decision for Plaintiff resulting in an award of disability benefits (*see* Docs. 31, at 3; 31-3). As a result of the favorable decision, Plaintiff's counsel now seeks payment of fees in the amount of $6,788.50 pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose the requested relief.

      There are three statutory provisions under which attorneys representing claimants in Social Security cases may be compensated: 42 U.S.C. §§ 406(a), 406(b), and 28 U.S.C. § 2412(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done at the administrative level. If a claimant is awarded past-due benefits, the fees awarded under § 406(a) are paid out of that amount. 42 U.S.C.

§ 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of the past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)–(II). Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant who was represented before the court by counsel, the court may allow a reasonable fee for such representation, not to exceed twenty-five percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A plaintiff's counsel may recover attorney's fees under both 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.* The Court previously awarded Plaintiff's attorney's fees in the amount of $5,239.80 pursuant to the EAJA, 28 U.S.C. § 2412 (Doc. 30).

The fee agreement entered into by Plaintiff and her counsel states:

> If I am approved for benefits at or below the level of the first hearing in front of an administrative law judge (ALJ) after the date of this agreement, I agree that the attorney's fee will be the lesser of 25% of all past due benefits awarded to me, or the dollar limit imposed under federal law at the time benefits are awarded (currently $6,000). The dollar limit is called the cap and it is the most my attorney will be paid if I am approved at or before that hearing. Any attorney's fee charged must be approved by Social Security or a court.

> If I lose at the ALJ hearing and my attorney agrees to appeal and I win my case later, the fee will be 25% of all past due benefits awarded in my case, without any cap. If my attorney appeals my case to Federal Court, I understand that she may be paid fees from the Federal Government for the Court work, but I will still pay her 25% of my back award for the work done at the administrative and court level if win my case as a result of the appeal.

(Doc. 31-1). After the disability finding, the Social Security Administration withheld a total of $12,788.50 — 25% of the past due benefits — from Plaintiff's past-due benefits for possible payment of attorney's fees in federal court (Docs. 31-3, at 5). According to Plaintiff's counsel, the ALJ approved payment of the fixed dollar limit in this case — $6,000 — although the benefits were awarded after a remand and not upon the initial administrative case (Doc. 31, at 3). Upon review of the fee agreement, the Court determines that the agreement contemplates a fee of, at most, 25% of the past-due benefits if those benefits are awarded as a result of an appeal (Doc. 31-1). Moreover, upon review of the itemization of services rendered by counsel (Doc. 31-2), the Court determines that an award of fees in the amount of $6,788.50 is reasonable and appropriate. However, the Court notes that Plaintiff's counsel's calculation of an hourly rate of $269.92 is erroneous because Plaintiff is essentially requesting $12,788.50 in attorney's fees ($6,000 already awarded pursuant to the "automatic fee" under 42 U.S.C. § 406(a) (*see* Doc. 31, at 3) + $6,788.50 requested in the Motion) which, divided by 25.15 hours expended by Plaintiff's counsel, equals $508.49 per hour. Notwithstanding, in light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel. *See Vilkas v. Comm r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D.Fla. May 14, 2007) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court). Plaintiff's counsel has indicated that she is aware of her

obligation to reduce the $6,788.50 sum by the amount of the previous EAJA award

of $5,239.80 or refund the EAJA award (Doc. 31, at 4). Accordingly, it is hereby

ORDERED:

1.  Plaintiff's request for an award of attorney's fees under 42 U.S.C. § 406(b)

(Doc. 31) is GRANTED.

2.  Plaintiff's counsel is awarded fees in the amount of $6,788.50 pursuant to

42 U.S.C. § 406(b).

DONE AND ORDERED in Tampa, Florida, on this 2nd day of May, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record